# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEITH DAVID HOUSTON,

    Petitioner,

vs.

E.K. McDANIEL, *et al.*,

    Respondents.

Case No. 3:94-cv-00735-HDM-RAM

**ORDER**

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. By order filed October 23, 1995, the amended petition was dismissed with prejudice. (ECF No. 36). Judgment was entered on October 24, 1995. (ECF No. 37).

On December 29, 2014, petitioner filed a motion for relief from judgment pursuant to Rule 60(b). (ECF No. 44). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Moreover, relief based on mistake, newly discovered evidence, or fraud must be sought within one year of final judgment. Fed. R. Civ. P. 60(c)(1).

The instant case has been closed since October 24, 1995. (ECF No. 37). Petitioner waited until December 29, 2014, over 19 years, to file his motion for relief from judgment. (ECF. No. 44). Petitioner alleges that the State "misrepresented" facts regarding his criminal history. Petitioner's motion is untimely, and is denied on that basis. Fed. R. Civ. P. 60(c)(1); *see Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) ("reasonable" amount of time is something less than the one-year standard applied to motions brought under Fed. R. Civ. P. 60(b)(1-3)). Additionally, the Court notes that petitioner has filed several other habeas petitions after judgment was entered in this case.[1] Petitioner has failed to make an adequate showing under Rule 60(b) that this Court's order of October 23, 1995, should be reversed.

**IT IS THEREFORE ORDERED** that petitioner's motion for relief from judgment (ECF No. 44) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall file no further documents in this closed action without first securing leave of court.

Dated this 9th day of January, 2015.

HOWARD D. McKIBBEN
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's other habeas actions were filed in this Court under these case numbers: 3:97-cv-507-RCJ-WGC, 3:03-cv-42-LRH-RAM, 3:04-cv-745-LRH-RAM, and 3:12-cv-597-RCJ-WGC.